UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:16-cr-00123-6-TWP-DKL-6 |
| | ) |
| RAFAEL ROJAS-REYES, OSCAR MACIAS, | ) |
| MERATH MORA-CHAVEZ, | ) |
| FRANCISCO TOLEDO-SANTOS, | ) |
| FRANCISCO RODRIGUEZ-MACIAS, and | ) |
| ROBERTO S. MACIAS, | ) |
| | ) |
| Defendants. | |

**ORDER DENYING GOVERNMENT'S
MOTION FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's order permitting pretrial release of Defendant Roberto S. Macias ("R. Macias"). Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has considered the Magistrate Judge's Order of Release contained in the transcript of the proceedings held on June 6, 2016, the pretrial services report ("PS3") prepared by the United States Probation Office, the Government's Motion for Revocation of Release Order (Filing No. 10), as well as evidence and argument submitted at the June 10, 2016 hearing. The Court finds that R. Macias has overcome the presumption that he is a risk of flight or that there are no conditions or combination of conditions which would overcome the unacceptable risk that his release poses a danger to any person or the community. Accordingly, the Government's Motion for Revocation of Release Order is **DENIED.**

## I. FINDINGS OF FACT

On May 27, 2016, a criminal complaint was issued which found probable cause exists for the arrest of Roberto S. Macias for two counts: (1) possession of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). Drug Enforcement Agents conducted a consensual search of R. Macias' residence and found approximately twenty-one pounds of methamphetamine, digital scales, heat sealing equipment and baggies, and multiple cellular telephones. R. Macias provided a post-*Miranda* confession admitting that he received the twenty-one pounds of methamphetamine and that he knowingly concealed the methamphetamine in his residence. On June 7, 2016 an Indictment was returned in which R. Macias was charged in Count 1: Conspiracy to Distribute Methamphetamine in violation of Title 21, United States Code, Section 846 and Count 7: Possession of Methamphetamine with Intent to Distribute in violation of Title 21, United States Code, Section 841(a)(1).

The Government moved for pretrial detention because defendant is charged in the criminal complaint with an offense for which the maximum term of imprisonment is ten years or more; therefore, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community pursuant to 18 U.S.C. § 3142(e); as well as the risk that defendant would fail to appear at future court hearings, pursuant to 18 U.S.C. § 3142(f)(2)(A). The parties agree that under the Bail Reform Act there is a presumption for detention as the offenses charged under the Controlled Substances Act for which the maximum penalty is ten years or more.

A detention hearing was held on June 6, 2016, during which the Government argued that R. Macias possessed an extremely large amount of methamphetamine, along with all of the tools

of the methamphetamine trade; such as, a digital scale, heat sealing device and packaging materials, and a money counting device. The Government also noted that all of the information regarding employment and residence, proffered by defense counsel, remained uncorroborated by the Probation Office.

The Magistrate Judge found that R. Macias had offered evidence sufficient to rebut the presumption of risk of flight and danger in the community and that the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community. The Government moved for a stay of the Magistrate Judge's Order pending review by the District Court.

At the hearing before this Court, the Government presented testimony of the Probation Officer who confirmed R. Macias' lengthy residence in Indiana, family ties, history of employment and that R. Macias' employment remained available upon his release. The Government conceded that the corroboration shows that the defendant is not a serious risk of flight. However, the Government argued the nature and circumstances of the offense—R. Macias' possession of 21 grams of methamphetamine and "tools of the drug trade" in a residence occupied by his wife and five children, aged six through 18—demonstrate that R. Macias is an unacceptable danger to the community.

Through proffer, the evidence before the Court is that R. Macias' passport was available for surrender following the hearing. He is a long-time resident of the Southern District of Indiana, and pays a mortgage on a trailer home in Avon, Indiana. R. Macias has steady employment and his employer is willing to allow him to resume employment. R. Macias has no prior arrests or convictions. He was not armed at the time of his arrest and there is no evidence that he was armed at the time of any drug transactions. No firearms were located in his residence and it is not alleged

that he carried or used firearms in the course of drug trafficking. R. Macias was cooperative with law enforcement at the time of his arrest, voluntarily consented to the search of his home, and offered a mirandized statement.

## II. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including;

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>    (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is R. Macias' character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and lack of criminal history. 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98-225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The weight of evidence against R. Macias is strong and favors detention. However, the Court finds that R. Macias has adequately rebutted the presumption for detention because he is a risk of flight or a risk of danger to the community. The probation officer has corroborated that R. Macias has sufficient ties to the community, has resided in this community with his family for several years, and has a steady history of employment which is still available. Further, R. Macias was cooperative during the time of his arrest and consented to the search of his home, and he agreed to surrender his passport following the hearing.

The Government has not shown by clear and convincing evidence that no conditions exist which could be imposed to ensure that R. Macias is not a danger to the community and a danger to the safety of any other person in the community. R. Macias has no prior arrests or criminal convictions. No firearms were located or alleged to be involved in any drug trafficking involving

this defendant. Further, the probation officer has offered that defendant's appearance and safety to the community can be ensured with certain conditions of release. While the weight of evidence against R. Macias in this matter is strong, there are strict conditions including home incarceration and electronic monitoring, firearms restriction, and restrictions on personal association, residence and travel (including that R. Macias shall not travel outside of Indiana) which will ensure that he is not a danger to the community.

### III. CONCLUSION

For the reasons stated above, the District Court's *de novo* determination is that the Government has failed to meet its burden of proof and, therefore, the Government's Motion for Revocation of Release Order (Filing No. 10) is **DENIED**.

**SO ORDERED.**

Date: 6/10/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth L. Riggins
Attorney at Law
kennethriggins@yahoo.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

United States Probation Office
Pretrial Services

United States Marshal Service